UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES RYAN GLOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15CV00022 AGF |
| | ) |
| MISSOURI CHILD SUPPORT | ) |
| ENFORCEMENT AGENCY, et al., | ) |
| | ) |
| Defendants | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Judge Kimberly Dahlen's motion to dismiss Plaintiff Charles Ryan Glover's claims against her as barred by judicial immunity and this Court's lack of jurisdiction over out-of-state court decisions. For the reasons set forth below, Judge Dahlen's motion shall be granted.

## BACKGROUND

On January 5, 2015, Plaintiff filed suit against numerous Defendants, including Missouri Department of Social Services ("MDSS") Director Alyson Cambell; Missouri Social Services agent Ken Waller; the San Diego California Child Support Enforcement Agency; San Diego California Child Support Enforcement case workers; the Illinois Child Support Enforcement Agency; Judge Dahlen, an Illinois state judge; Illinois (Assistant) Attorney General David Brown; and Jessica Lee Burrow ("Burrow").

According to the complaint, Plaintiff and Burrow had a child, Ricki Lee Burrow. Plaintiff and Burrow separated and Plaintiff subsequently enlisted in the United States Navy. He added minor Ricki Lee Burrow to his military records as a dependent, qualifying her for dental and medical benefits. Plaintiff established an allotment to pay child support for Ricki Lee Burrow, with the payments being directly deposited into Burrow's bank account. Plaintiff alleges that Burrow made fraudulent statements to the MDSS claiming that Plaintiff was not paying child support or providing medical or dental benefits for Ricki Lee Burrow. As a result, the MDSS brought suit against Plaintiff. According to Plaintiff, Waller knew that Burrow had committed fraud, but nonetheless transferred the case to the San Diego California Child Support Enforcement Agency, as Plaintiff was residing in San Diego. Ultimately, the San Diego agency allowed Burrow to withdraw her suit after Plaintiff provided evidence that her claim was fraudulent.

Plaintiff further alleges that, following his discharge from the Navy, he continued to provide support for Ricki Lee Burrow. However, Burrow filed suit in Jefferson County, Missouri, claiming that he was not paying child support. Plaintiff attempted to get documentation from the San Diego agency showing that Burrow acted fraudulently, but the agency did not keep proper records. The Missouri court entered judgment against Plaintiff "in excess of $25,000." Burrow then sought to enforce the judgment in Jackson County, Illinois. Plaintiff alleges that he presented Judge Dahlen with documentation that Burrow's claim was based on fraud, but she nevertheless entered judgment in favor of Burrow, enforcing the Missouri judgment. Because Plaintiff could not pay the

judgment, Illinois revoked his driver's license and Plaintiff was, at some point, charged with driving with a suspended license.

In this action, Plaintiff claims that the state agencies and officials acted negligently, that Burrow committed fraud, and that Judge Dahlen recklessly overstepped her authority in enforcing the Missouri judgment that she knew was based on fraud. He seeks damages for injury to his reputation and credit, and violation of his rights. He also asks the Court to dismiss the Illinois judgment against him.

Judge Dahlen contends that Plaintiff's claim against her should be dismissed due to her judicial immunity and this Court's lack of jurisdiction over state-court decisions. Judge Dahlen argues that her actions in regard to Plaintiff's complaint were judicial in nature, namely, hearing a suit brought in her jurisdiction. Judge Dahlen also argues that this court lacks jurisdiction to review the Illinois court's final ruling.

In response to Judge Dahlen's motion to dismiss,[1] Plaintiff contends that his suit for damages against Judge Dahlen is not barred by judicial immunity, as Dahlen was not within her "lawful jurisdiction" or "legal capacity" when she enforced a judgment based on what she knew were fraudulent actions by Burrow. (Doc. No. 144 at 6, 7.) Plaintiff also asserts that this Court does have jurisdiction over Judge Dahlen's decision. Plaintiff contends that if federal courts have the ability to determine if treaties, statutes, or administrative regulations violate the United States Constitution, then it is reasonable to

---

[1] Plaintiff filed a "Motion to Strike Down" Judge Dahlen's motion for dismissal, which the Court construed as his response to the motion. He also filed a "Reply" to Judge Dahlen's motion to dismiss.

conclude that federal courts may void court decisions that defy "common sense or reason." *Id*. at 10.

## **DISCUSSION**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Id*. The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id*.; *Retro Television Network, Inc. v. Luken Comm'cns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

Judges have traditionally been afforded immunity from suits where they perform judicial acts within their lawful jurisdiction. *Peak v. Richardson*, No.1:06CV0176 TCM, 2008 WL 762110, at *6 (E.D. Mo. Mar. 19, 2008). The rationale for such immunity is to afford judges independence and safeguard the finality of judgments. *Id.* Claims based on actions that are normally performed by a judge in his or her judicial capacity are absolutely barred by judicial immunity, even if the judge acts "maliciously or corruptly." *Walton v. Rendlen*, No. 4:14CV00846 ERW, 2014 WL 4594198, at *3 (E.D. Mo. Sept. 12, 2014). Where a judge clearly usurps his or her authority, or acts in the clear absence of jurisdiction over the subject matter, judicial immunity will not apply. *Id*. However,

4

judges do not usurp their authority by making an unconstitutional or incorrect decision. *Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006).

Here, the Court holds that Judge Dahlen has judicial immunity with respect to Plaintiff's claims. Judge Dahlen is being sued for acts she performed as a judge presiding over an Illinois suit where Plaintiff was a party. And the conduct alleged does not constitute an usurpation of authority or actions beyond her jurisdiction. Thus, the Court will dismiss Plaintiff's claims against Judge Dahlen. *See, e.g., Smith v. Depriest*, No. 414CV2106 NAB, 2015 WL 362687, at *3 (E.D. Mo. Jan. 27, 2015) (granting judicial immunity to a judge accused of letting a witness intentionally perjure himself to convict plaintiff).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Judge Kimberly Dahlen's motion to dismiss Plaintiff's complaint as to her is **GRANTED**. (Doc. No. 9)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of July, 2015.

5