UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES RYAN GLOVER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:15CV00022 AGF |
| MISSOURI CHILD SUPPORT ENFORCEMENT AGENCY, et al., | ) |
| Defendants | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant David Brown's motion to dismiss Plaintiff Charles Ryan Glover's complaint as barred by public official and prosecutorial immunity and this Court's lack of jurisdiction over out-of-state court decisions. For the reasons set forth below, Brown's motion shall be granted.

## BACKGROUND

On January 5, 2015, Plaintiff filed this action pro se against numerous Defendants, including Missouri Department of Social Services ("MDSS") Director Alyson Campbell; Missouri Social Services agent Ken Waller; the San Diego California Child Support Enforcement Agency; San Diego California Child Support Enforcement case workers; the Illinois Child Support Enforcement Agency; Judge Kimberly Dahlen, an Illinois state

judge;[1] Illinois (Assistant) Attorney General David Brown; and Jessica Lee Burrow ("Burrow").

According to the complaint, Plaintiff and Burrow had a child, Ricki Lee Burrow. Plaintiff and Burrow separated and Plaintiff subsequently enlisted in the United States Navy. He added minor Ricki Lee Burrow to his military records as a dependent, qualifying her for dental and medical benefits. Plaintiff established an allotment to pay child support for Ricki Lee Burrow, with the payments being directly deposited into Burrow's bank account. Plaintiff alleges that Burrow made fraudulent statements to the MDSS claiming that Plaintiff was not paying child support or providing medical or dental benefits for Ricki Lee Burrow. As a result, the MDSS brought suit against Plaintiff. According to Plaintiff, Waller knew that Burrow had committed fraud, but nonetheless transferred the case to the San Diego California Child Support Enforcement Agency, as Plaintiff was then residing in San Diego. Ultimately, the San Diego agency allowed Burrow to withdraw her suit after Plaintiff provided evidence that her claim was fraudulent.

Following Plaintiff's discharge from the Navy, he continued to provide support for Ricki Lee Burrow. However, Burrow filed suit in Jefferson County, Missouri, claiming that he was not paying child support. Plaintiff attempted to get documentation from the San Diego agency showing that Burrow acted fraudulently, but the agency did not keep proper records. The Missouri court entered judgment against Plaintiff "in excess of $25,000."

---

[1] By Order dated July 28, 2015, the claims against Judge Dahlen were dismissed.

Burrow then sought to enforce the judgment in Jackson County, Illinois. Plaintiff alleges that he presented Brown with documentation that Burrow's claim was based on fraud, but he nevertheless advocated for the application of Burrow's claim, leading to the court enforcing the Missouri judgment. Because Plaintiff could not pay the judgment, Illinois revoked his driver's license and Plaintiff was, at some point, charged with driving with a suspended license.

In this action, Plaintiff claims that the state agencies and officials acted negligently, that Burrow committed fraud, and that Brown knowingly disregarded documentation showing that Burrow's suit was based on deceit. He seeks damages for injury to his reputation and credit, slander, and violation of his rights. He also asks the Court to dismiss the Illinois judgment against him.

Brown contends that Plaintiff's claim against him should be dismissed due to his public official immunity and prosecutorial immunity. Brown argues that his actions in regard to Plaintiff's complaint were those ordinarily within the scope of his official and discretionary function as a state assistant attorney general; namely, prosecuting a suit brought in his jurisdiction. Brown also argues that this court lacks jurisdiction to review the Illinois court's final ruling.

In response to Brown's motion to dismiss,[2] Plaintiff contends that his suit for damages against Brown is not barred by public official or prosecutorial immunity, as Brown "deliberately neglected" his duties with "malice" when he did not report

---

[2] Plaintiff filed a "Motion to Strike Down" Brown's motion for dismissal (Doc. No. 31), which the Court construes as his response to the motion.

3

Plaintiff's evidence of Burrow's fraud to the Illinois Child Support Enforcement Agency. (Doc. No. 31 at 4-5.) Plaintiff also asserts that Brown was not acting in his official capacity because he helped to enforce an illegal order based on fraud, but was in fact acting to further his "own corrupt agendas in a criminal manner." *Id.* at 5.

## DISCUSSION

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Id*. The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Retro Television Network, Inc. v. Luken Comm'cns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). Furthermore, "pro se complaints are to be construed liberally." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

State assistant attorney generals are afforded absolute immunity from suits for damages where they perform duties traditionally within the scope of their role as a government advocate, and this Court concludes that such immunity attaches to Brown's involvement in handling Plaintiff's Missouri judgment. *See Murphy v. Morris*, 849 F.2d 1101, 1105 (8th Cir. 1988) (granting state assistant attorney general absolute immunity from a § 1983 damages claim for withholding evidence, as the assistant attorney general was engaging in her function as a state advocate); *Edwards v. Washington*, No. 2:11-3518

4

SB-BM, 2012 WL 1229506, at *3 (D.S.C. Jan. 5, 2012) (granting state assistant attorney general immunity from claims of fraud related to the prosecuting of plaintiff's child custody suit). The rationale for such immunity is to prevent inhibiting the attorney's performance of his or her duties, though immunity is limited to the performance of the attorney's regular advocacy functions, and does not extend to intentional misconduct outside the scope of the attorney's function as an advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 429 (1976).

Here, the Court holds that Brown was acting in a prosecutorial role as an advocate for the State of Illinois by seeking to enforce the Missouri child support judgment against Plaintiff, and, thus, has immunity from Plaintiff's damages claims. Thus, even construing Plaintiff's complaint liberally, the complaint must be dismissed as to Brown.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant David Brown's motion to dismiss Plaintiff's complaint as to him is **GRANTED**. (Doc. No. 26.)

**IT IS FURTHER ORDERED** that Plaintiff Charles Ryan Glover's motion to strike Defendant David Brown's motion to dismiss is **DENIED**. (Doc. No. 31.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of August, 2015.