UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES RYAN GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15CV00022 AGF |
| | ) | |
| MISSOURI CHILD SUPPORT | ) | |
| ENFORCEMENT AGENCY, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the joint motion filed by three Defendants – the Missouri Department of Social Services Family Support Division ("Missouri FSD"),[1] Alyson Campbell, and Ken Waller – to dismiss pro se Plaintiff Charles Ryan Glover's complaint as to them. For the reasons set forth below, the motion to dismiss shall be granted.

## BACKGROUND

On January 5, 2015, Plaintiff filed suit against numerous Defendants, including the Missouri FSD Director Alyson Campbell; Missouri Social Services agent Ken Waller; the San Diego California Child Support Enforcement Agency; San Diego California Child Support Enforcement case workers; the Illinois Child Support Enforcement

---

[1] In his complaint, Plaintiff refers to this agency as the Missouri Child Support Enforcement Agency.

Agency; Judge Kimberly Dahlen, an Illinois state judge; Illinois (Assistant) Attorney General David Brown; and Jessica Lee Burrow ("Burrow").

According to the complaint, Plaintiff and Burrow had a daughter, Ricki Lee Burrow. Plaintiff subsequently enlisted in the United States Navy and added Ricki to his military records as a dependent, qualifying her for dental and medical benefits. With legal counsel for the Navy, Plaintiff established an allotment to pay child support for Ricki, with the payments deposited directly into Burrow's bank account. Plaintiff alleges that Burrow made fraudulent statements to the Missouri FSD, claiming that Plaintiff was not paying child support or providing medical or dental benefits for Ricki. As a result, the Missouri FSD brought suit against Plaintiff. According to Plaintiff, Missouri Social Services agent Waller knew that Burrow had committed fraud, but nonetheless transferred the case to the San Diego California Child Support Enforcement Agency, as Plaintiff was then residing in San Diego. The record establishes that on January 5, 2008, a San Diego court issued an order setting ongoing support by Plaintiff for Ricki of $261 per month. (Doc. No. 21-1.)

According to the complaint, following Plaintiff's discharge from the Navy, he continued to provide support for Ricki. Nevertheless, Burrow filed suit in Jefferson County, Missouri, claiming, again fraudulently, that Plaintiff was not paying child support. Plaintiff attempted to get documentation from the San Diego agency showing that Burrow acted fraudulently, but the agency did not keep proper records. Despite Plaintiff telling Missouri FSD Director Campbell that Burrow's claim was based on fraud, the Missouri FSD moved forward with the case. The record includes a copy of an

order dated March 13, 2013, issued by a circuit court of Jefferson County, Missouri, confirming the order of support issued by the San Diego court and stating that the order could be enforced in Missouri as if it had been issued by a Missouri court. (Doc. No. 21-1.)

According to the complaint, Burrow then sought to enforce the Missouri judgment in Jackson County, Illinois. Plaintiff alleges that he presented Illinois Assistant Attorney General Brown with documentation that Burrow's claim was based on fraud, but Brown nevertheless advocated for the advancement of Burrow's claim, leading to the Illinois court enforcing the Missouri judgment. Because Plaintiff could not pay the judgment, Illinois revoked his driver's license and Plaintiff was, at some point, charged with driving with a suspended license.

In this action, Plaintiff claims that the state agencies and officials acted negligently in ignoring his evidence of Burrow's fraud, that Burrow committed fraud, and that Brown knowingly disregarded documentation showing that Burrow's suit was based on deceit. He seeks monetary relief because "the State Agencies" destroyed his life, ruined his credit, and violated his rights, all in collaboration with Burrow. He asks the Court to review the evidence and dismiss the state court judgments against him.

By prior Orders, this Court granted the motions of Defendants Judge Dhalen and Brown to dismiss the complaint as to them.

The three Movants now argue that the Court lacks subject matter jurisdiction to hear the claims against them, under the *Rooker-Feldman* doctrine, which precludes this Court from hearing claims that in effect constitute a challenge to a state court decision.

They further argue that because Plaintiff did not specify whether he was suing Campbell and Waller in their individual or official capacities, the Court is to interpret the complaint as including only official-capacity claims, and as such, the claims against Campbell and Waller must be dismissed to the extent the claims seek monetary damages. Lastly, Movants argue that Campbell and Waller are entitled to qualified immunity because their actions were objectively reasonable as they were taken in accordance with a valid court order.

In response to the Movants' motion to dismiss,[2] Plaintiff argues that the Missouri FSD and its agents should be held accountable and responsible for their mistakes and deceitful and fraudulent actions, and that Movants "need to explain their actions to the Federal Court, and provide better arguments with supporting facts which justify their actions." (Doc. No. 32-1 at 6.)

## **DISCUSSION**

The *Rooker-Feldman* doctrine "deprives federal courts of jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Banks v. Slay*, 789 F.3d 919, 922 (8th Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine derives from two Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S.

---

[2] Plaintiff filed a "Motion to Strike Down" the motion under consideration, which the Court construes as his response to the motion.

413 (1923). "Federal district courts thus may not 'exercise jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court.'" *Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (quoting *Feldman*, 460 U.S. at 492-93).

The reach of *Rooker-Feldman* is narrow. *Banks*, 789 F.3d at 923. In *Banks*, for example, the Eighth Circuit held that *Rooker-Feldman* did not deprive the district court of jurisdiction over a plaintiff's action seeking a declaration that the city and board of police commissioners were obligated to satisfy a default judgment that the plaintiff had obtained in state court against a police officer in his official capacity. *Id.* The action was brought after the state court had denied the plaintiff's writ of mandamus seeking payment for the damages alleged in the default judgment. The Eighth Circuit reasoned that the federal defendants' refusal to honor the default judgment against the police officer, not the state court denial of mandamus, was the source of the injury from which plaintiff sought relief in the federal action. Thus, the plaintiff was not calling upon the federal court to overturn an injurious state-court judgment. *Id.*

Here, although the question is somewhat close, the Court agrees with Movants that Plaintiff's claims against them are barred by *Rooker-Feldman* because these claims essentially challenge a California state court judgment that was confirmed by a Missouri state court. Unlike the situation in *Banks*, Plaintiff here explicitly asks this Court to review and reject the child-support judgments of state courts. His claims against Movants are inextricably intertwined with those state court judgments. Therefore, the claim against Movants must be dismissed under *Rooker-Feldman* for lack of subject

5

matter jurisdiction. *See, e.g., Fikrou v. Montgomery Cty. Office of Child Support Enf't Div.*, No. 215-CV-01297-GMN-NJK, 2015 WL 6539767, at *3 (D. Nev. Oct. 28, 2015) (concluding that Rooker-Feldman barred the plaintiff's claims against state child support enforcement agency defendants based upon the allegation that child support orders were entered upon "fraud on the court," because the claims were inextricably intertwined with the state court decisions regarding child support and the enforcement thereof); *Betts v. Armstrong*, No. 1:15CV613, 2015 WL 6395994, at *2 (M.D.N.C. Oct. 22, 2015) (same).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendants the Missouri Department of Social Services Family Support Division (named as the Missouri Child Support Enforcement Agency), Alyson Campbell, and Ken Waller to dismiss Plaintiff's complaint against them is **GRANTED**. (Doc. No. 20.)

**IT IS FURTHER ORDERED** that Plaintiff Charles Ryan Glover's motion to strike these Defendants' motion to dismiss is **DENIED**. (Doc. No. 32.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2016.