UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES RYAN GLOVER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:15CV00022 AGF |
| MISSOURI CHILD SUPPORT ENFORCEMENT AGENCY, et al., | ) |
| Defendants | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. For the reasons set forth below, pro se Plaintiff Charles Glover's complaint against the remaining Defendants in the case will be dismissed without prejudice, and a final Order of Dismisssal will be entered.

## BACKGROUND

On January 5, 2015, Plaintiff filed suit pro se against numerous Defendants: the Missouri Child Support Enforcement Agency ("MCSEA"); MCSEA Director Alyson Campbell; Unknown case workers for the MCSEA; Missouri Social Services agent Ken Waller; the San Diego California Child Support Enforcement Agency; unnamed case workers for the San Diego California Child Support Enforcement case workers; the Illinois Child Support Enforcement Agency; Judge Kimberly Dahlen, an Illinois state

judge; Illinois Assistant Attorney General David Brown; and Jessica Lee Burrow ("Burrow").

According to the complaint, Plaintiff and Burrow had a daughter, Ricki Lee Burrow. Plaintiff subsequently enlisted in the United States Navy and added Ricki to his military records as a dependent, qualifying her for dental and medical benefits. With legal counsel for the Navy, Plaintiff established an allotment to pay child support for Ricki, with the payments deposited directly into Burrow's bank account. Plaintiff alleges that Burrow made fraudulent statements to the MCSEA, claiming that Plaintiff was not paying child support or providing medical or dental benefits for Ricki. As a result, the MCSEA brought suit against Plaintiff. According to Plaintiff, Waller knew that Burrow had committed fraud, but nonetheless transferred the case to the San Diego California Child Support Enforcement Agency, as Plaintiff was then residing in San Diego. The record establishes that on January 5, 2008, a San Diego court issued an order setting ongoing support by Plaintiff for Ricki in the amount of $261 per month. (Doc. No. 21-1.)

According to the complaint, following Plaintiff's discharge from the Navy, he continued to provide support for Ricki. Nevertheless, Burrow filed suit in Jefferson County, Missouri, claiming, again fraudulently, that Plaintiff was not paying child support. Plaintiff attempted to get documentation from the San Diego agency showing that Burrow acted fraudulently, but the agency did not keep proper records. Despite Plaintiff telling Campbell that Burrow's claim was based on fraud, the Missouri FSD moved forward with the case. The record includes a copy of an order dated March 13, 2013, issued by a circuit court of Jefferson County, Missouri, confirming the order of

support issued by the San Diego court and stating that the order could be enforced in Missouri as if it had been issued by a Missouri court.  (Doc. No. 21-1.)

According to the complaint, Burrow then sought to enforce the Missouri judgment in Jackson County, Illinois.  Plaintiff alleges that he presented Brown with documentation that Burrow's claim was based on fraud, but Brown nevertheless advocated for the advancement of Burrow's claim, leading to the Illinois court enforcing the Missouri judgment.  Because Plaintiff could not pay the judgment, Illinois revoked his driver's license and Plaintiff was, at some point, charged with driving with a suspended license.

In this action, Plaintiff claims that the state agencies and officials acted negligently in ignoring his evidence of Burrow's fraud, that Burrow committed fraud, and that Brown knowingly disregarded documentation showing that Burrow's suit was based on deceit. He seeks monetary relief because "the State Agencies" destroyed his life, ruined his credit, and violated his rights, all in collaboration with Burrow.  He asks the Court to review the evidence and dismiss the state court judgments against him.

By prior Orders, this Court granted the motions of Defendants Judge Dhalen, Brown, the MCSEA, Campbell, and Waller to dismiss the complaint as to them.  The three remaining named Defendants are the San Diego California Child Support Enforcement Agency, the Illinois Child Support Enforcement Agency, and Burrow.  The record reflects that the two agency Defendants have never been served, and accordingly the complaint will be dismissed without prejudice as to them.  Similarly, the unnmaned case workers for the MCSEA and for the San Diego California Child Support

3

Enforcement Agency were never named or served, and they too will be dismissied withouit prejudice.

The Court concludes that Plaintiff has failed to state a federal cause of action against Burrow, and as all of Plaintiff's federal claims have been dismissed, the Court declines to assert supplemental jurisdictuion over his claims against Burrow. *See Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 819 (8th Cir. 2004) (holding that where all federal claims are eliminated before trial, the balance of factors to be considered under 28 U.S.C. § 1367(c)(3) for the excersize of supplemental jurisdiction over remaining state law claims point toward declining to exercise such jurisdiction). This dismissal of the state claims against Burrow is without prejudice. *See Romero v. Pinnacle Equities, LLC*, 283 F. App'x 429, 431 (8th Cir. 2008).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants the San Diego California Child Support Enforcement Agency, the Illinois Child Support Enforcement Agency, Jessica Burrow, and unmaned case workers are **DISMISSED** from this action without prejudice.

All claims against all parties having been resolved, a separate Order of Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of December, 2016.