UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES RYAN GLOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15CV00022 AGF |
| | ) |
| MISSOURI CHILD SUPPORT | ) |
| ENFORCEMENT AGENCY, et al., | ) |
| | ) |
| Defendants | ) |
| | ) |
| | ) |

# MEMORANDUM AND ORDER

This matter, stemming from a state court order directing pro se Plaintiff Charles Ryan Glover to pay child support, is before the Court on Plaintiff's motion for reconsideration of this Court's final Order of Dismissal dated December 8, 2016. This action was filed on January 5, 2015. Several claims were dismissed by Orders dated July 28, 2015; August 5, 2015; and February 4, 2016, for failure to state claims. On the date of the final Order of Dismissal, the Court dismissed the claims against two remaining Defendants (the San Diego California Child Support Enforcement Agency, and the Illinois Child Support Enforcement Agency), and unnamed "case workers" for Plaintiff's failure to obtain service of process on them. In addition, the Court dismissed any federal claims against the last remaining Defendant, Jessica Barrow, for failure to state a claim;

and declined to exercise supplemental jurisdiction over any state claims Plaintiff might have against her.

The motion for reconsideration was filed on January 26, 2017, and is properly considered as a motion under Federal Rule of Civil Procedure 60(b). Under Rule 60(b)(1), a district court may grant relief from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To be excusable, "neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules. . . . Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005). Whether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission. *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000).

Rule 60(b)(6) allows a court to grant relief from a final judgment "for any other reason that justifies relief." Relief is available under Rule 60(b)(6) "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). The Rule 60(b)(6) catch-all provision is not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. *Broadway v. Norris*, 193 F.3d 987, 989–90 (8th Cir. 1999); *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 4:09CV01252 ERW, 2013 WL 6051839, at *4 (E.D. Mo. Nov. 15, 2013).

In his motion for reconsideration, Plaintiff recounts his financial difficulties, and represents that he was "deployed" to work on a boat during the pendency of this action, and was "unable to respond within the time line implicated . . . ." Plaintiff submits evidence showing maritime employment from April to November 2016. Plaintiff's financial hardships are not grounds for excusable neglect. His maritime employment from April to November 2016 does not explain why he never filed proof of service on the unserved Defendants during the over two years since he filed his action. Nor does Plaintiff's pro se status excuse his failure to serve the Defendants who were dismissed for Plaintiff's failure to serve them. *See Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) ("[P]ro se status did not entitle [Plaintiff] to disregard the Federal Rules of Civil Procedure, even without affirmative notice of the application of the rules to his case.") (citation omitted).

Plaintiff has not presented any other basis for relief under Rule 60(b) such as newly disovered evidence, fraud by Defendants, or exceptional circumstances. The Court has reviewed the motion and the record in this case and finds no grounds that would warrant relief from the final judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Charles Ryan Glover's motion (ECF No. 50) for reconsideration of this Court's Order dated December 8, 2016, is **DENIED**.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of May, 2017.